# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOWARD FOX,**

        **Plaintiff,**

**v.**                                                  **Case No.  6:18-cv-1457-Orl-40GJK**

**THE HAMPTONS AT METROWEST**
**CONDOMINIUM ASSOCIATION, INC.**
**and JAMES SAMUEL BYRD, JR.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** (Doc. No. 7) |
| **FILED:** | **September 24, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**.

On September 6, 2018, *pro se* Plaintiff Howard Fox filed a Complaint alleging various grievances related to the enforcement of a judgment for attorney's fees. Doc. No. 1.  An Amended Complaint was filed on September 24, 2018. Doc. No. 5.  On September 24, 2018, Plaintiff filed his "Application to Proceed in District Court without Prepaying Fees or Costs"

("the Motion"). Doc. No. 7.  On September 24, 2018, Plaintiff filed a notice of pendency of other actions identifying four related cases:  two in the Ninth Judicial Circuit of Orange County, Florida and two in the Fifth District Court of Appeals.  Doc. No. 3.

## I. APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

2

the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### A.     Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B.  Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

**II.     ANALYSIS**

In his Complaint, Plaintiff claims that Defendants unconstitutionally took his property when they obtained a writ of execution to enforce a judgment for attorney's fees and executed it. Doc. No. 5 at 4.  The Complaint references proceedings before Florida's Orange County circuit court as well as its Fifth District Court of Appeal.  Doc. No. 5 at 4.  Doc. No. 1 at 4.  Plaintiff seeks to stop the sale of his personal items and have the sheriff's office return his personal items as well as damages.  Doc. No. 5 at 4.

The Complaint is barred by the *Rooker-Feldman* abstention doctrine.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2. Plaintiff ultimately seeks to prevent the enforcement of a writ of execution issued after a final judgment for attorney's fees was rendered against him.  Regardless of the nature of the claims Plaintiff has brought or may bring, because Plaintiff is challenging the orders and judgments of the state courts, this Court lacks jurisdiction over the claims.

Additionally, Plaintiff does not satisfy the requirement to proceed *in forma pauperis*. Plaintiff states in the Motion that he receives $1,300 a month social security disability benefits. Doc. No. 7 at 1. Plaintiff also indicates he has $2,300 in cash, checking, or savings, and owns a home valued at $78,000.  Doc. No. 7 at 2.  The poverty guideline updated periodically in the Federal Register by the U.S. Department of Health and Human Services under the authority of 42 U.S.C. § 9902(2) for 2018 for a household of one is $12,140. U.S. Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited September 6, 2018). Considering Plaintiff's income exceeds the Federal Poverty Guideline and he has other assets, under no reasonable standard can Plaintiff be considered a pauper. *See Clayton v. Mege*, 2007 WL 846627, at *1 (M.D. Penn. Mar., 19, 2007) (given the assets available, payment of the filing fee would not be an undue hardship on Plaintiff or deprive her of life's necessities).

As the Court lacks jurisdiction over this case, it is recommended that the Motion be denied and the Complaint be dismissed with prejudice.

### III.   CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 7);

2. **DISMISS** the case; and

3. Direct the Clerk to close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on September 25, 2018.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party